# EXHIBIT A

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet**
**CHESTER County**

For Prothonotary Use Only:
Docket No: **2020-03787-MJ**



Filed and Attested by PROTHONOTARY 16 Jun 2020 05:44 PM S. Peery

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action**

- ✔ Complaint
- ___ Writ of Summons
- ___ Petition
- ___ Transfer from Another Jurisdiction
- ___ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| **LATRECE HARDY** | **PORTFOLIO RECOVERY ASSOCIATES, LLC** |

Are money damages requested? ✔ Yes ___ No

Dollar Amount Requested: ✔ Within arbitration limits
(check one) ___ outside arbitration limits

Is this a Class Action Suit? ___ Yes ✔ No

Is this an MDJ Appeal? ___ Yes ✔ No

Name of Plaintiff/Appellant's Attorney: fred e davis, iv

___ Check here if you have no attorney(are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

| TORT (do not include Mass Tort) | CONTRACT (do not include Judgments) | CIVIL APPEALS |
|---|---|---|
| ___ Intentional | ___ Buyer Plaintiff | Administrative Agencies |
| ___ Malicious Prosecution | ___ Debt Collection: Credit Card | ___ Board of Assessment |
| ___ Motor Vehicle | ___ Debt Collection: Other | ___ Board of Elections |
| ___ Nuisance | ___ Employment Dispute: Discrimination | ___ Dept. of Transportation |
| ___ Premises Liability | | ___ Statutory Appeal: Other |
| ___ Product Liability (does not include mass tort) | ___ Employment Dispute: Other | ___ Zoning Board |
| ___ Slander/Libel/Defamation | ___ Other | ___ Other: |
| ___ Other: | | |

| MASS TORT | REAL PROPERTY | MISCELLANEOUS |
|---|---|---|
| ___ Asbestos | ___ Ejectment | ___ Common Law/Statutory Arbitration |
| ___ Tobacco | ___ Eminent Domain/Condemnation | ___ Declaratory Judgement |
| ___ Toxic Tort - DES | ___ Ground Rent | ___ Mandamus |
| ___ Toxic Tort - Implant | ___ Landlord/Tenant Dispute | ___ Non-Domestic Relations |
| ___ Toxic Waste | ___ Mortgage Foreclosure: Residential | ___ Restraining Order |
| ___ Other: | ___ Mortgage Foreclosure: Commercial | ___ Quo Warranto |
| | ___ Partition | ___ Replevin |
| **PROFESSIONAL LIABILITY** | ___ Quiet Title | ✔ Other: |
| ___ Dental | ___ Other: | |
| ___ Legal | | |
| ___ Medical | | |
| ___ Other Professional | | |

2020-03787-MJ

# Chester County
# Court of Common Pleas
# Cover Sheet

| Docket No: | 2020-03787-MJ |
|---|---|

| Plaintiff(s): (Name, Address) | Plaintiff's/Appellant's Attorney (circle one) |
|---|---|
| **LATRECE HARDY** <br> 337 N. 52ND STREET   PHILADELPHIA, PA  19139 | (Name, firm, address, telephone and attorney ID#) <br> **fred e davis, iv** <br> (855) 432-8475 davis consumer law firm attorney ID#: 093907 <br> 2300 Computer Rd Suite G39 Willow Grove, PA 19090 |
| Defendant(s): (Name, Address) <br> **PORTFOLIO RECOVERY ASSOCIATES, LLC** <br> 140 CORPORATE BOULEVARD   NORFOLK, VA  23502 | Are there any related cases? Please provide case nos. |

**Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached**

**Commencement of Action (if applicable):** __ Agreement for an Amicable Action __ Motion to Confirm Arbitration Award
Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant __ Plaintiff or __ Defendant in the original action?

Jury Trial Demanded ✔ Yes __ No

Nature of case if not on previous cover sheet - Please choose the most applicable

| | |
|---|---|
| __ Annulment | __ Writ of Certiorari |
| __ Custody - Conciliation Required | __ Injunctive Relief |
| __ Custody - Foreign Order | __ Mechanics Lien Claim |
| __ Custody - No Conciliation Required | __ Issuance of Foreign Subpoena |
| __ Divorce - Ancillary Relief Request | __ Name Change |
| __ Divorce - No Ancillary Relief Requested | __ Petition for Structured Settlement |
| __ Foreign Divorce | |
| __ Foreign Protection from Abuse | |
| __ Paternity | |
| __ Protection from Abuse | |
| __ Standby Guardianship | |

| **Arbitration Cases Only** | | **Notice of Trial Listing Date** |
|---|---|---|
| Arbitration Date | 2020-12-18 | Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filled unless otherwise ordered by the Court. <br><br> To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date. |
| Arbitration Time | 09:00:00 | |
| Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date. | | |
| This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge. | | |

**File with:** Chester County Justice Center, Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989

*2020-03787-MJ*

Fred Davis, Esq.
Identification No. 93907
DAVIS CONSUMER LAW FIRM
2300 Computer Rd.-Ste G39
WILLOW GROVE, PA 19090
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES
HEARING IS REQUESTED.

*Filed and Attested by PROTHONOTARY 16 Jun 2020 05:44 PM S. Peery*

| | |
|---|---|
| LATRECE HARDY<br>337 N. 52ND ST.<br>Philadelphia, PA<br>19139<br><br>*Plaintiff*<br><br>v.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC<br>120 Corporate Blvd.<br>NORFOLK, VA<br>23502<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO.: |

### NOTICE TO DEFEND
### CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**CHESTER COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE**
Chester Bar Association
15 W Gay St #2,
West Chester, PA
19380

2020-03787-MJ

Phone: (610) 692-1889

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

### SERVICIO DE REFERENCIA LEGAL

Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

Fred Davis, Esq.　　　　　　　　　　ATTORNEY FOR PLAINTIFF
Identification No. 93907
DAVIS CONSUMER LAW FIRM
2300 Computer Rd.-Ste G39
WILLOW GROVE, PA 19090
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com



| LATRECE HARDY<br>337 N. 52ND ST.<br>Philadelphia, PA<br>19139<br><br>*Plaintiff*<br><br>v.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC<br>120 Corporate Blvd.<br>NORFOLK, VA<br>23502<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br><br>CIVIL ACTION<br><br><br><br>DOCKET NO.: |

## COMPLAINT

1. Plaintiff, LATRECE HARDY, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 337 N. 52ND ST., Phila., PA, 19139.

2. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 120 Corporate Blvd., NORFOLK, VA 23502. Defendant can be served at that address.

3. Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5. Defendant regularly conducts business in the State of Pennsylvania and in the County of Chester, therefore, personal jurisdiction is established.

6. Venue is proper in Chester County pursuant to Pennsylvania Rules of Civil Procedure 1006 and 2179.

7. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person residing in PHILADELPHIA, PA. Some/all of the transactions comprising the alleged debt occurred in Chester County.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The transactions comprising the alleged debt were for consumer related purchases, such as household hoods, food, clothing, etc.

10. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, is a company handling debt collection matters with headquarters located at 120 Corporate Blvd., NORFOLK, VA 23502.

11. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a, and sought to collect a consumer debt from Plaintiff, as the principal purpose of Defendant's business is the acquisition and collection of defaulted debts, and the alleged debt in questions stems from the acquisition of personal goods and services, such as household items, clothing, groceries, etc.

12. Defendant is also a "creditor" as that term is defined by 73 Pa. § CS 2270.4(b), as it regularly acquires consumer related debts on its own account and subsequently attempts collection, and alleged that it was owed the debt at issue herein.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Throughout the past year, Defendant sought to collect $2,401.34 for an account it alleged it owned via assignment from SYNCHRONY BANK.

15. Plaintiff alleges and avers that Defendant misrepresented the status and legal nature of the alleged account, as there was no proof Defendant owed anything, and Defendant thereby violated 15 U.S.C §1692e(2).

16. Plaintiff alleges and avers that Defendant repeatedly and continuously called Plaintiff telephonically, as well as unrelated third-parties, at irregular times and places, and often times failed to identify itself and inform Plaintiff of his rights, in violation of 15 U.S.C. §§ 1692c(a)(1) and d.

17. Plaintiff alleges and avers that Defendant sought to collect amounts comprised largely of improper fees and/or interest, and Defendant's collection efforts were thus in violation of 15 U.S.C. §§1692e(2) and f(1).

18. Plaintiff allege and avers that Defendant's lawsuit was a ruse designed to coerce a settlement on an otherwise frivolous lawsuit, as evidenced by Defendant's failure to abide by the arbitration clause requiring written notice of intent to waive arbitration before filing a lawsuit, and Defendant thereby violated 15 U.S.C. §1692e(5).

19. Plaintiff further alleges and avers that Defendant misrepresented that it had a written/signed account agreement when it did not, and Plaintiff alleges and avers that Defendant thereby violated 15 U.S.C. §§ 1692e(2)(a) and (10).

20. Plaintiff further alleges and avers that despite receiving notice that Defendant had actual knowledge that Plaintiff disputed the debt and demanded a trial date, and despite losing the trial, which thereby invalidated the alleged debt, Defendant failed to timely notify the relevant credit bureau and update the status of the alleged debt as disputed. Plaintiff alleges and avers that Defendant thereby communicated false credit information about Plaintiff, in violation of 15 U.S.C. § 1692e(8).

21. Plaintiff further alleges and avers that the above conduct, as well as Defendant's willful misrepresentations surrounding the acquisition and production of authentic information establishing the veracity of the alleged debt and allegations within Defendant's lawsuit (prior to filing that lawsuit) violated numerous provisions of 15 U.S.C. §§ 1692e(2), (5) and 15 U.S.C. § 1692f(1).

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

22. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

    b. Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

    c. Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, LATRECE HARDY, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT TWO
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ("UFTPL")

23. Plaintiff hereby incorporates all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

24. Plaintiff is a "Person" as defined by 73 P.S. § 201-2(2).

25. Defendant is a "Person(s)" as defined by 73 P.S. § 201-2(2).

26. The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to include the following:

(a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(b) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

(c) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding;

(d) Any violation of 73 Pa. Cons. Stat. Ann. § 2270.

27. Plaintiff alleges and avers that Defendants violated the Act by misrepresenting that any debt was owed, and further by claiming that improper fees and exorbitant charges were part of the alleged debt, and that Defendant's conduct amounts to violations of 73 Pa. C.S. § 2270, *et seq,* and the Unfair Trade Practices Act.

28. Plaintiff further alleges and avers that Defendant's misreporting of credit information and misrepresentations surrounding the existence and quality of the documentation it allegedly viewed prior to filing its lawsuit against Plaintiff was done solely to confuse and deceive Plaintiff into thinking Defendant's case was legitimate, and Defendant thereby violated the Act.

29. The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiff avers entitlement to all actual and statutory damages, plus treble that amount, and attorney fees and costs, for Defendant's per se and statutory violations of Pennsylvania Law.

DAVIS CONSUMER LAW FIRM

By: Fred Davis-PA ID# 93907
Attorney for Plaintiff, LATRECE HARDY
2300 Computer Rd.-Ste G39
Willow Grove, PA 19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

## VERIFICATION

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

DAVIS CONSUMER LAW FIRM

By:   Fred Davis-PA ID# 93907
      Attorney for Plaintiff, LATRECE HARDY
      2300 Computer Rd.-Ste G39
      Willow Grove, PA 19090
      Tel – 1-855-432-8475/Facsimile-1-855-435-9294
      Email: fdavis@usacreditlawyer.com

*2020-03787-MJ*